McGREGOR W. SCOTT
United States Attorney
BRIAN K. DELANEY
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:17 CR 00215 |
| Plaintiff, | PLEA AGREEMENT |
| v. | . |
| NOEL  CARTER, | COURT: Hon. Lawrence J. O'Neill |
| Defendant. | |

## I.   **INTRODUCTION**

### A.   **Scope of Agreement**

The Superseding Indictment in this case charges the defendant with a violation of 21 U.S.C. §§ 846 & 841(a)(1) Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine and Marihuana; 21 U.S.C. §841(a)(1) Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 1344 Bank Fraud; and 18 U.S.C. § 1014 and False Statement to a Financial Institution.  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   **Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Superseding Indictment.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.    DEFENDANT'S OBLIGATIONS

### A.    Guilty Plea

The defendant agrees to plead guilty to the Count 1 of the Superseding Indictment that charges a violation of 21 U.S.C. §§ 846 & 841(a)(1) Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine and Marihuana.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C.

1  § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

2  **B.**    **Special Assessment**

3  The defendant agrees to pay a special assessment of $600 at the time of sentencing by delivering

4  a check or money order payable to the United States District Court to the United States Probation Office

5  immediately before the sentencing hearing.  If the defendant is unable to pay the special assessment at

6  the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by

7  participating in the Inmate Financial Responsibility Program.

8  **C.**    **Agreement to Cooperate**

9  The defendant agrees to cooperate fully with the government and any other federal, state, or local

10  law enforcement agency, as directed by the government.  As used in this plea agreement, "cooperation"

11  requires the defendant:  (1) to respond truthfully and completely to all questions, whether in interviews,

12  in correspondence, telephone conversations, before a grand jury, or at any trial or other court

13  proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the

14  defendant's presence is requested by the government or compelled by subpoena or court order; (3) to

15  produce voluntarily any and all documents, records, or other tangible evidence requested by the

16  government; (4) not to participate in any criminal activity while cooperating with the government; and

17  (5) to disclose to the government the existence and status of all money, property, or assets, of any kind,

18  derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal

19  activities or the illegal activities of any conspirators.

20  **D.**    **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

21  If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea,

22  or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  The

23  government will no longer be bound by its representations to the defendant concerning the limits on

24  criminal prosecution and sentencing as set forth herein.  One way a cooperating defendant violates the

25  plea agreement is to commit any crime or provide any statement or testimony which proves to be

26  knowingly false, misleading, or materially incomplete.  Any post-plea conduct by a defendant

27  constituting obstruction of justice will also be a violation of the agreement.  The determination whether

28  the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### E.    Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. 853 and  18 U.S.C. § 982(a)(2).

1  The defendant also voluntarily stipulates and agrees that as part of his sentence the Court shall,

2  pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to $286,251.

3  This sum represents the total amount of proceeds obtained as a result of the offenses for which

4  defendant is convicted.  The defendant agrees not to file a claim to any of the listed property in any civil

5  proceeding, administrative or judicial, which may be initiated.  The defendant agrees to waive his right

6  to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist

7  others in filing a claim in that forfeiture proceeding.

8  The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

9  assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

10  to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense,

11  and agrees to waive any claim or defense under the Eighth Amendment to the United States

12  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

13  the State of California or its subdivisions.

14  The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

15  defenses or defects that may pertain to the forfeiture.

16  **F.**  **Restitution** – Agreement to pay restitution on dismissed counts

17  Defendant agrees to pay restitution to the victim of the dismissed counts 4-8 pursuant 18

18  U.S.C. § 3663(a)(3) in an amount $70, 251.13.  Support for this amount is contained in the factual basis

19  attached to this plea. Defendant further agrees that he will not seek to discharge any restitution

20  obligation or any part of such obligation in any bankruptcy proceeding.

21  The order of restitution shall become payable immediately upon the entry of judgment in

22  this matter.

23  **G.**  **Federal Tax Obligations**

24  The Defendant admits that he failed to report the proceeds of his illegal activity as charged in the

25  superseding indictment in this matter.

26  The Defendant admits that the Defendant received $480,000.00  of unreported income for years

27  2012-2017 .

28  The Defendant agrees that he  is liable for the fraud penalty imposed by the Internal Revenue

5

Code, Title 26, United States Code, Section 6663, on the understatements of tax liability for years 2012-2017.

The Defendant agrees that he will file, amended returns for the years 2012-2017 subject to the above admissions, correctly reporting unreported income and will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns, and will agree to pay all additional taxes, and pay all penalties and interest assessed by the Internal Revenue Service and any additional amounts determined by the Internal Revenue Service to be owing as a result of any computational error(s). Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to the Defendant's returns after they are filed.

The Defendant agrees that he will not, after filing the returns, file any claims for the refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

The Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter.

### III.   THE GOVERNMENT'S OBLIGATIONS

**A.   Dismissals**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts of the Superseding Indictment, except if this agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea Agreement) and VII.B (Waiver of Appeal) herein.

**B.   Recommendations**

1.   Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, including the application of the mandatory statutory minimum term, as determined by the Court.

2.    <u>Acceptance of Responsibility</u>

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

3.    <u>Reduction of Sentence for Cooperation</u>

The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced if he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. In no case will the reduction be more than 50%.  The defendant understands that he must comply with paragraph II.D (Agreement to Cooperate) and not violate this plea agreement, as set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.  The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.

The defendant understands that the government may recommend a reduction in his sentence of less than 50% or no reduction at all; depending upon the level of assistance the government determines that the defendant has provided.  If the government's recommended reduction pursuant to § 5K1.1 is for a sentence below the statutory mandatory minimum, the government will also move the Court for a reduction below that minimum term, pursuant to 18 U.S.C. § 3553(e).

The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion.  In particular, the defendant agrees not to try to file a motion to withdraw his guilty plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following his sentencing, the government may move for a further reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

### C.   Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8., unless the information is used to respond to representations made to the Court by the defendant, or on his behalf, that contradict information provided by the defendant during his cooperation.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine and Marihuana in violation of 21 U.S.C. §§ 846 & 841(a)(1):

1. beginning on or about April 2012, to on or about August 2015 there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance and Marihuana a Schedule II controlled substance;

2. the defendant knew the agreement had an unlawful object or purpose; and the defendant joined in the agreement with the intent to further its unlawful object or purpose; and

3. the defendant joined in the agreement with the intent to further its unlawful object or purpose.

PLEA AGREEMENT                                    8

1   To distribute or possess with intent to distribute means the defendant knowingly possessed

2   methamphetamine and or marihuana and either distributed it to another person or possessed it with the

3   intent to distribute it to another person.

4   The defendant fully understands the nature and elements of the crimes charged in the

5   Superseding Indictment to which he is pleading guilty, together with the possible defenses thereto, and

6   has discussed them with his attorney.

7   **V.      MAXIMUM SENTENCE**

8   **A.      Maximum Penalty**

9   The maximum sentence that the Court can impose on Count 1 is life in prison, a fine of

10  $10,000,000, a period of at least five years and up to life of supervised release and a special assessment

11  of $100.  The charge to which defendant is pleading guilty carries a ten-year mandatory minimum

12  sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e).  In addition,

13  the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21

14  U.S.C. § 862.

15  **B.      Violations of Supervised Release**

16  The defendant understands that if he violates a condition of supervised release at any time during

17  the term of supervised release, the Court may revoke the term of supervised release and require the

18  defendant to serve up to five years of additional imprisonment.

19  **VI.      SENTENCING DETERMINATION**

20  **A.      Statutory Authority**

21  The defendant understands that the Court must consult the Federal Sentencing Guidelines and

22  must take them into account when determining a final sentence.  The defendant understands that the

23  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

24  Sentencing Guidelines and must take them into account when determining a final sentence.  The

25  defendant further understands that the Court will consider whether there is a basis for departure from the

26  guideline sentencing range (either above or below the guideline sentencing range) because there exists

27  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

28  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

1  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

2  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

3       The defendant is free to recommend to the Court whatever sentence he believes is appropriate

4  under 18 U.S.C. § 3553(a).  The government is not obligated to recommend any specific sentence.

5  ### VII.   <u>WAIVERS</u>

6  #### A.   <u>Waiver of Constitutional Rights</u>

7       The defendant understands that by pleading guilty he is waiving the following constitutional

8  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

9  be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to

10  testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be

11  compelled to incriminate himself.

12  #### B.   <u>Waiver of Appeal and Collateral Attack</u>

13       The defendant understands that the law gives the defendant a right to appeal his guilty plea,

14  conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to

15  appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

16  exceed 360 months.

17       Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

18  one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

19  statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant

20  understands that these circumstances occur infrequently and that in almost all cases this Agreement

21  constitutes a complete waiver of all appellate rights.

22       In addition, regardless of the sentence the defendant receives, the defendant also gives up any

23  right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

24  aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

25       Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will

26  move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss

27  the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading

28  guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea

Agreement) herein.

### C.    Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel:

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _____        _____
                                              Steven Crawford
                                              Counsel for Defendant

### B.    Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: _____        _____
                                              NOEL  CARTER, Defendant

1  Agreement) herein.

2     **C.     Waiver of Attorneys' Fees and Costs**

3        The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

4  119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

5  investigation and prosecution of all charges in the above-captioned matter and of any related allegations

6  (including without limitation any charges to be dismissed pursuant to this plea agreement and any

7  charges previously dismissed).

8     **VIII.     ENTIRE PLEA AGREEMENT**

9        Other than this plea agreement, no agreement, understanding, promise, or condition between the

10 government and the defendant exists, nor will such agreement, understanding, promise, or condition

11 exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

12 counsel for the United States.

13     **IX.     APPROVALS AND SIGNATURES**

14     **A.     Defense Counsel:**

15       I have read this plea agreement and have discussed it fully with my client. The plea agreement

16 accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

17 plead guilty as set forth in this plea agreement.

18 Dated:  9/21/18                                    _____
                                                                        Steven Crawford
19                                                                     Counsel for Defendant

20     **B.     Defendant:**

21       I have read this plea agreement and carefully reviewed every part of it with my attorney. I

22 understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully

23 understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

24 case. No other promises or inducements have been made to me, other than those contained in this plea

25 agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

26 Finally, I am satisfied with the representation of my attorney in this case.

27 Dated:  9/20/18                                    _____
                                                                        NOEL CARTER, Defendant
28

11

C.     __Attorney for United States:__

I accept and agree to this plea agreement on behalf of the government.


Dated: __September 9, 2018__              McGREGOR W. SCOTT
                                          United States Attorney

                                          /s/ Brian K. Delaney
                                          _____
                                          BRIAN K. DELANEY
                                          Assistant United States Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

The defendant NOEL  CARTER agrees that the facts set forth below are true and accurate. Furthermore, if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

As to Count 1: That all times relevant to the Information including between June 14, 2012 and October 29, 2013, Patrick Mara and Damacio Diaz were sworn police officers with the City of Bakersfield working narcotics and were at times assigned to the  Southern Tri-County Task Force of the Central Valley High Intensity Drug Trafficking Area (HIDTA).  That during this time, Mara and Diaz conspired to secure narcotics in the course of their official duties and to intentionally fail to submit the seized narcotics to the BPD evidence room for secure and lawful retention.  Instead, on multiple occasions Mara and Diaz retained possession of seized narcotics for their own unlawful personal gain.

CARTER admits that he conspired with Mara and Diaz to distribute for profit the narcotics seized and unlawfully retained by Mara and Diaz.  CARTER admits that he distributed and sold at least twenty pounds of actual methamphetamine that he received from Mara and Diaz. CARTER admits that he knew the methamphetamine he obtained from Mara and Diaz and then sold for profit was a controlled substance under federal law.  CARTER agrees that for purposes of determining the offense level specified in the Drug Quantity Table of the Sentencing Guidelines, he should be held accountable for at least 4.5 KG of actual methamphetamine.

CARTER admits that as to Counts 4-8, starting in September 2016 and up until his termination in September 2017, he was depositing and embezzling checks made out to Pacific Workplaces, or the parent company PBC Management LLC, into his personal account after handwriting NLAL on the remitter's section of the checks. During this one-year period, Carter fraudulently negotiated and embezzled the funds from at least 87 checks for deposit into his Chase account of Noel Carter dba NLAL LLC.  The sum total of the embezzled checks was $70,251.00

Dated: _____        _____
                                                                            NOEL  CARTER, Defendant

EXHIBIT "A"

**Factual Basis for Plea**

The defendant NOEL CARTER agrees that the facts set forth below are true and accurate. Furthermore, if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

As to Count 1: That all times relevant to the Information including between June 14, 2012 and October 29, 2013, Patrick Mara and Damacio Diaz were sworn police officers with the City of Bakersfield working narcotics and were at times assigned to the Southern Tri-County Task Force of the Central Valley High Intensity Drug Trafficking Area (HIDTA). That during this time, Mara and Diaz conspired to secure narcotics in the course of their official duties and to intentionally fail to submit the seized narcotics to the BPD evidence room for secure and lawful retention. Instead, on multiple occasions Mara and Diaz retained possession of seized narcotics for their own unlawful personal gain.

CARTER admits that he conspired with Mara and Diaz to distribute for profit the narcotics seized and unlawfully retained by Mara and Diaz. CARTER admits that he distributed and sold at least twenty pounds of actual methamphetamine that he received from Mara and Diaz. CARTER admits that he knew the methamphetamine he obtained from Mara and Diaz and then sold for profit was a controlled substance under federal law. CARTER agrees that for purposes of determining the offense level specified in the Drug Quantity Table of the Sentencing Guidelines, he should be held accountable for at least 4.5 KG of actual methamphetamine.

CARTER admits that as to Counts 4-8, starting in September 2016 and up until his termination in September 2017, he was depositing and embezzling checks made out to Pacific Workplaces, or the parent company Mara PBC Management LLC, into his personal account after handwriting NLAL on the remitter's section of the checks. During this one-year period, Carter fraudulently negotiated and embezzled the funds from at least 87 checks for deposit into his Chase account of Noel Carter dba NLAL LLC. The sum total of the embezzled checks was $70,251.00.

Dated: 9/20/18

_____
NOEL CARTER, Defendant

A-1